Thomas J. Bata et al., Respondents, *v.* Jan A. Bata, Appellant. (Appeal No. 2.)

*Per Curiam.* Plaintiffs moved at Special Term to punish defendant for contempt of court for various alleged acts of disobedience of a temporary injunction heretofore issued in this action. Said order restrained defendant from selling certain real property held by four Brazilian corporations in Brazil and claimed to be a part of the property sought to be recovered in the action. The injunction order, as modified by this court (*Bata* v. *Bata,* 281 App. Div. 959) excepted sales of land to any one person up to 180 acres, if made in the regular course of business. It required that the net proceeds of such sales after payment of certain expenses, be deposited in escrow, and that monthly statements of sales be furnished.

Among the acts of contempt complained of were alleged sales of land in excess of 180 acres; the failure to report all sales; the failure of defendant to personally verify certain statements; and the publication of various advertisements in Brazilian papers and of circulars said to be contumacious of this court. Other specifications of misconduct by defendant in failing to open the escrow account and making improper payments of expenses were referred to by plaintiffs, although not set forth in the order to show cause or the affidavit attached on the motion to punish for contempt.

Defendant attempted to refute the charges by submitting opposing affidavits, which denied some and attempted to explain other transactions complained of.

Special Term granted the motion to punish to the extent of appointing a Referee to take testimony " upon the controverted issues " and to report to the court. Defendant appeals, attacking the jurisdiction of the court to punish for contempt. He contends that the moving papers are insufficient and complains that the issues are not stated with sufficient particularity. He also alleges that the expense of the reference, which may ultimately fall on him, will be oppressive.

This being an action in personam we find that jurisdiction exists, defendant appearing to have full knowledge of the injunction.

With respect to certain of the charges there would appear to be sufficient basis for a proceeding to punish for contempt, but there are factual issues upon which Special Term was justified in ordering a reference to obtain further enlightenment before defendant might be held in contempt.

We find, however, that two of the charges should not be prosecuted further. The one referring to failure to verify statements personally appears to involve no issue of fact. Defendant claims to have acted on advice of counsel as to the form of verification. Upon the understanding that further statements are to be personally verified, we think this charge should be eliminated.

As to the alleged contempt based on statements in advertisements in Brazilian papers and in circulars, we find, in view of the fact that an initial advertisement was published by plaintiffs and that defendant claims his agents in Brazil were attempting to answer misleading statements in said advertisement, and for other reasons which we deem adequate, that this charge should likewise be dismissed.

The remaining charges seem properly the subject of a reference. We think, however, that it would be preferable to have the reference held before an Official Referee. The essential purpose of the injunction was to preserve the *status quo* as to the real property and conserve the proceeds of any sales thereof to await the determination of this action. To date there does not appear to have been any escrow account opened, and it further appears that some of the claimed expenses are of doubtful propriety under the injunction order. These matters are not presently specified as the basis for contempt. We do not intend to indicate that we have found defendant's conduct contumacious with respect thereto but merely to point out that these charges must be met. The Official Referee who takes testimony with respect to the disputed issues of fact on the present motion may by consent of the parties or upon future reference to him act concerning any other charges or concerning disputes which may arise prior to trial. This centralization of the fact-finding power should facilitate the disposition of any disputes over obedience to the injunction. Unusual difficulties are presented in this case by reason of the locus of the property and residence of the defendant in Brazil.

Such disposition will also reduce expense and should overcome the defendant's fear that the cost of any reference may be so oppressive as to embarass his defense of the action itself. At the present it does not appear compulsory to take testimony in Brazil. If the necessity for such a step should later appear, proper proceedings may be taken to secure this relief.

We are endeavoring to give defendant the opportunity to avoid any intermediate action that might tend to add to the burden of his defense, but the injunction order must be obeyed. If the defendant's conduct has been such as to be willfully contumacious, he has only himself to blame for his difficulties. In any event, the trial of the action should proceed with due dispatch.

The order appealed from should be modified in accordance with this opinion. Settle order, enumerating the matters presently to be heard before the Referee.

Dore, J. P., Callahan, Breitel and Bastow, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice enumerating the matters presently to be heard before the Referee.